# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1530

_____

United States of America

*Plaintiff - Appellee*

v.

Moses Anthon Francisco, also known as Moses Francisco Cruz, also known as Slick

*Defendant - Appellant*

_____

No. 20-1531

_____

United States of America

*Plaintiff - Appellee*

v.

Moses Anthon Francisco, also known as Moses Francisco Cruz, also known as Slick, also known as Moses Anthony Francisco

*Defendant - Appellant*

_____

No. 20-1532

_____

United States of America

*Plaintiff - Appellee*

v.

Moses Anthon Francisco

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: November 23, 2020
Filed: December 7, 2020
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Moses Francisco appeals the above-Guidelines sentence imposed by the district court[1] after he pleaded guilty to immigration and firearm offenses--instituted by separate indictments--and his supervised release for a prior offense was revoked. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Upon careful review, we conclude that the district court did not abuse its discretion by departing upward from the Guidelines, and did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553, and did not err in weighing the relevant factors. See United States v. Vasquez, 552 F.3d 734, 738 (8th Cir. 2009) (departures from sentencing Guidelines are reviewed for abuse of discretion; in determining whether to depart upward, court should consider nature and extent of criminal history); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors; this court must give due deference to district court's determination that § 3553(a) factors justify upward variance).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motions to withdraw.

_____